**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**MARK H. CONNER**
**JUDGE**

**Sussex County Courthouse**
**1 The Circle, Suite 2**
**Georgetown, DE 19947**

March 25, 2024

Donald M. Ransom, Esq.
CASARINO CHRISTMAN SHALK
RANSOM & DOSS, P.A.
1000 North West Street, Suite 1450
Brandywine Building
P.O. Box 1276
Wilmington, DE 19899-1276
*Attorney for Defendant State Farm*
*Fire and Casualty Company*

D. Miika Roggio, Esq.
SILVERMAN McDONALD
& FRIEDMAN
1523 Concord Pike, Suite 400
Wilmington, DE 199803 South
*Attorney for Plaintiffs Elyse*
*and Robert Moore.*

**RE: Elyse and Robert Moore v. State Farm Fire and Casualty Company**
     **C.A. No. S22C-08-018 MHC**

Dear Counsel,

On October 18, 2023, I denied State Farm's motion for summary judgment on

Plaintiff's breach of contract claim because genuine issues of material fact existed

that require determination by a jury. In doing so, I failed to specifically address the

claims of bad faith and punitive damages. State Farm moved this Court for

reargument limited to those claims pursuant to Rule 59(e). Oral argument was held on February 16, 2024, and I asked the parties to provide supplemental briefs.

Motions for reargument will be denied unless the court has overlooked controlling precedent or legal principles or has misapprehended the law or facts such as would have changed the outcome of the underlying decision.[1] In failing to address the summary judgment motion as it pertained to the limited claims of bad faith and punitive damages, I overlooked controlling precedent that, if considered, would have changed the outcome of my underlying decision to deny summary judgment with regards to Plaintiffs' claims of bad faith and punitive damages. Therefore, reargument is appropriate as it pertains to the claims of bad faith and punitive damages.

Substantively, a genuine factual dispute exists with regards to the source of the leak. Likewise, a genuine factual dispute exists as to whether water leaking above ground, but ultimately entering the Plaintiffs' basement below ground, is subsurface water not covered by Plaintiffs' policy. Based on these factual disputes, I determined on October 18, 2022, summary judgment is not appropriate as to Plaintiffs' breach of contract claim.

---

[1] *Beatty v. Smedly*, 2003 Del. Super. Lexis 437 (Del. Super. Ct. March 12, 2003).

For Plaintiffs to prevail on a claim of bad faith State Farm must have acted "clearly without any reasonable justification" in failing to honor their obligations under the policy.[2]  Similarly, Delaware law "permit[s] punitive damages in the insurance 'bad faith' context."[3] "[P]unitive damages may be available in the context of a contract action if the denial of coverage is willful or malicious."[4]  Punitive damages are also justified when an insurers bad faith denial of coverage is done with reckless indifference to the plight of the insured.[5]  Similarly, "an insured may be entitled to the recovery of punitive damages in a bad faith action if the insurer's breach is particularly egregious."[6] "When judging reasonableness [of coverage denial] in this context, '[t]he ultimate question is whether at the time the insurer denied liability, there existed a set of facts or circumstances known to the insurer which created a bona fide dispute and therefore a meritorious defense to the insurer's liability.'"[7]

In sum, for a plaintiff to recover punitive damages  on bad faith claims in a breach of insurance contract case, the plaintiff must show egregious behavior on the

---

[2] *Tackett v. State Farm Fire & Cas. Ins. Co.*, 653 A.2d 254, 264 (Del. 1995) (citing *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. Ct. 1982)).
[3] *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 446 (Del. 1996).
[4] *Pierce v. Int'l Ins. Co. of Illinois*, 671 A.2d 1361, 1367 (Del. 1996).
[5] *Id.*
[6] *Tackett*, 653 A.2d 254, 265 (Del. 1995).
[7] *RSUI Indemnity Company v. Murdock*, 248 A.3d 887, 910 (Del. 2021) (citing *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. Ct. 1982)).

part of the insurer without reasonable justification. In the present matter, a factual dispute exists as to whether Plaintiffs are covered by State Farm's policy, preserving the breach of contract claim for trial. Logically, the existence of such a bona fide dispute as to coverage means that State Farm's denial of coverage was not egregious or unreasonable, entitling State Farm to summary judgment to those claims as a matter of law. Therefore, Plaintiffs' motion for summary judgment as to the claims of bad faith and punitive damages is hereby **GRANTED**.

Sincerely,

/s/ *Mark H. Conner*

Mark H. Conner
Judge

cc:    Prothonotary
Daniel Ballard, Esquire, *Pro Hac Vice* Attorney for Plaintiffs